number 18-8017. We'll give Council a moment to get settled. Council, you may proceed. Thank you. May it please the Court. Mr. Gonzales' appeal generates four were two money laundering crimes that were established based on the record that was presented during the plea process. Second, whether in the event that they were not established, whether this is a failure with regard to the plea agreement in the case, and whether or not there exists in that type of situation. Then the scope of the appellate waiver. And then finally, whether or not the failure to establish an adequate record with regard to those two counts affects sentencing with regard to all ten counts. Before you jump into those four issues, could you tell us what remedy you're seeking here if we agree with your The reason I'm asking that is I wasn't clear on whether you're seeking to vacate the entire plea agreement. Would that just go away? Is that what you want to happen? That's what I think my client would want. A start over? Yes. And I think that could work to his disadvantage, frankly. And we've talked about that. I think he wants the most relief that he can possibly get. Well, I'm surprised. Because I read the briefs to indicate that you wanted resentencing on all things rather than vacation of the plea. Well, I think that ideally for him, the best result, frankly, is that he get resentenced and that he have the opportunity of getting a sentence that would put him down to an offense level of 23, possibly, and then it might be a few years less. So ideally, that's probably best for him. But secondarily, if we think differently, you would not have a problem with remanding with instructions to vacate the plea. And I think that the Rollins case suggests that that's where you go with this. If part of the plea agreement is voided because you have a situation where two of the counts are no good, then that affects all of the, it avoids any additional waivers. And so that may very well affect the entire plea agreement. Well, and I could be wrong, so correct me. All of the cases from the various circuits where you say that a challenge on the factual basis of the plea under Rule 11, all of those, that avoids the plea waiver, in all those cases, they were either single charge cases or there was a challenge to all of the charges. Would you agree with that? I agree with that. And I didn't find something that was exactly like this. Yeah, doesn't that suggest when you have a multi-count plea, but there's a challenge only to some of the counts, that those cases do not support the remedy of resentencing. Rather, they indicate the appropriate thing is to remand for vacation of the plea. Would you agree with that? Well, because I don't know that you can go that far, because they obviously didn't go that far. They didn't have that fact situation. So I just don't know that you can say that. But you are arguing, as I understand your responses to Judge Murphy, that if we were to agree with you about two money laundering counts, the plea to the other eight counts, in your view, would not remain intact. Under the Rollins case, I think that's correct. It appears in the language of the Rollins case that all the other waivers fall by the wayside. Now, as I understand it, and I know we're skipping over some things here, like the validity of the plea waiver and your actual challenge on the merits, but isn't there an additional factor we have to consider here in that it was not, I don't think it was present in Rollins, that your suggestion that there might be a different sentencing below is a little speculative. Well, it is, but we don't. And the one thing you focus on, and that's the dollar amount that would possibly be lowered, the dollar amount is independently established in the relevant conduct aspect of this. And so don't those two things together mean your argument, even if you prevail, that everything's harmless and the same sentence would prevail and we should affirm on that basis? It's very possible. And frankly, the dollar amount could wind up being more. If the government gets to argue the dollar amount in resentencing, they may prevail on the idea that it's over $550,000. How could it be less if the relevant conduct establishes it, the dollar amount? But because there is that issue, and because the plea agreement really talks about the fact that all of the, he's doing the plea agreement and all of the crimes are grouped together, I think you do get into the issue of, well, really, what is the dollar amount? Because the dollar amount does, is the determining factor as to what the ultimate sentencing range is going to be. So I do think that the other eight counts are affected because of that. I understand. I'm going to briefly mention, because my client's wife is in the audience, and because the wife and also the client want me to argue a case of ineffective assistance of counsel, that I have expressed in the brief as well as to them that this is not the place to do it, that they will possibly have the opportunity to do that in a habeas that involves an additional record, and we're only able to deal with the record that's before the court. So are you going to argue it or not? No. Okay, good. Thank you. Wise. So the first issue, of course, has to do with whether or not these two counts, 50 and 52, whether there's a factual basis for them that was presented. And of course, you've got to- Could I just, on 50 and 52, ask you a hypothetical? And I want to underscore, this is a hypothetical. I don't want the government to get nervous about this hypothetical, but if the government dismissed counts 50 and 52, would this appeal be moot? That's one I haven't thought about. Well, isn't that just a different way of asking the question? Well, the answer is, if in fact that you have a void part, I think the answer is no. If you go back to this language in the Rollins case, because if it does affect the other, if you had the plea and it affected, the plea agreement is done with regard to all 10 counts. And so if two of them wind up not being any good, I think you have to throw out the plea agreement. And I think the answer is no. So it would be the same thing as, if that hadn't happened, but it'd be the same thing as if we agreed with your argument that there wasn't a factual basis for the two counts. Yes. And I think the mistake in reading this, obviously I'm new to all this, just as you are, and I'm trying to sort through whether or not there really has been a factual basis. I think the government's mistake is that they simply think that if there's something that qualifies as a financial transaction, then that's sufficient to make a money laundering count. And of course, the Queller case indicates just the opposite. The transaction has to be designed for the purpose of concealment. And we simply do not have any kind of a record here at the time of the plea to suggest that in going to a safety deposit box that has $8,000 of drug proceeds in it, or in transferring money from one account that the defendant controls to another account that the defendant controls, that either of those two financial transactions are necessarily designed for the purposes of concealment. So do you have a safe deposit box case? There is an old one, which is the Bell case out of the Seventh Circuit. There are lots of other cases that involve boxes, such as the Himps case. I mean, don't most of the safe deposit box cases that are sort of in this posture go against you? Well, I don't know how many other safety deposit boxes. I sure looked carefully to try and find as many as I could. The only one I found was the Bell case. I won't say that there aren't any others out there, but I couldn't find any more. I think, frankly, if someone were operating their drug dealing business out of a safety deposit box, and every time they did a drug transaction, they took their money there, and then when they wanted to do another one, they took the money out, I think that's a What if they just did it once? They took the drug proceeds over there, put it in, and they went and took it out later? I think you'd need more facts, frankly, because it depends on what you're going to do with them when you're taking them out or whatever. How long it's there, a lot of issues. If you're taking the safety deposit box so that you can put them in the car to go drive down to Mexico like they did in Queller and go deliver it to the drug lord, then the answer is no. It wouldn't qualify. So, could I just ask on the two counts? Yes. I'm looking at the plea agreement right now, and we have these summary statements. And my first question is, if the summary statement isn't sufficient to state a factual basis, the government could still rely upon additional evidence. Yes. Is that correct? Yes. But if the factual statement in the plea agreement were sufficient, then we wouldn't really need to look at anything else. Would you agree with that? I think that's correct. Okay. And so we have the two counts. One involves the safe deposit box, and it just says the defendant accessed the safety deposit box. I guess I'd want to know a little bit more about what that means. But the other one talks about transferring funds, and it alleges that earned from unlawful drug sales conducted financial treachery, at least in part, to conceal. Why isn't that one sufficient? Because transferring money from one place to another. If the other bank account had legal funds in it, it unquestionably would have been sufficient. Well, no, I understand that, but this is something that the defendant agreed to. I mean, it's in the plea agreement. Just there was a transfer of money? Well, no, it says more than that. It doesn't just say there's a transfer. It was, at least in part, to conceal the nature, source, and ownership, knowledge that involved unlawful drug sales. I don't want to lump the two. One thing, I don't want to lump the two counts together. I think we have to look at them individually. But I'm just wondering, what's deficient about that? Because it doesn't establish the purpose of the transfer. It says purpose. It says what the purpose was for in the summary, and he's agreed to that. What he's doing is just simply parroting the elements of the offense, and that's insufficient. The judge needs to make a comprehensive record to establish what, indeed, the purpose was. If these two counts are improper, then it is plain error. I don't think it's necessary. It's not fatal that I failed to argue plain error. In fact, when I first saw this, I thought because it was a fundamental defect in the proceedings that I didn't need to mention plain error. But under Tenth Circuit case law, the McKay case indicates that it's not the end of the road that I didn't present the plain error argument in the opening brief. It's also not the end of the road that I didn't even mention the appellate waiver in the opening brief either. That was an argument that would benefit the government, and they'd had an opportunity to raise it, and they didn't. So the only other issue might have to do with whether or not the appellate waiver, if it does, in fact, exist and might apply, is 23 or 25, and there's just a host of things here that create all sorts of problems with that. Obviously, the judge goes to the plea colloquy. There's no interlineation done. There's no indication that there's any consideration for the change of this amount. Both the judge and the defense attorney refer to the level as being 23 at the time of the in subsequent proceedings. If they didn't understand it to be 25, there's no reason to believe that the defendant should have understood that it had been changed to 25. So based on this, I'm going to reserve the remainder of my time. Thank you. Thank you. May it please the court, counsel, my name is Eric Hyman. I'm an assistant United States attorney in the District of Wyoming, and I represent the United States of America in this case. I want to start with the money laundering crime, since that was part of what Mr. Lund discussed and what the court asked about. Um, the factual basis for both counts includes an admission by the defendant that the purpose of the transaction, the use of the safety deposit box, the transfer of the money was to conceal one of the statutory elements. The nature, source, ownership control, location of the proceeds, one or more of those. It's admitted. The defendant never, ever said anything to the contrary. That is a sufficient factual basis. There's simply no reason to believe the defendant, that a judge has to say to a defendant, how? How are you going to do that? How is that going to conceal it? The judge may, but it's not required. Plea colloquies all the time have defendants simply admitting their intent. In cases where that's a problem . . . Counsel, I think . . . Yes, sir. What I heard from Mr. Lund is that you've got these summaries in the plea agreement, but they pretty much just restate the elements of the offense and that you need more than that. And it may be that this happens. Maybe it happens regularly, but here we have a situation where someone's actually challenging whether that is enough. And what's your best case that that is enough? Your Honor, if we look at Ruth, which we've cited in our brief . . . Could you say that again? Ruth, R-U-T-H . . . Thanks. Cited in our brief, this court held two things that matter here. One is that when the sufficiency of factual basis is challenged, that's different from when a person's convicted at trial, sufficiency of the evidence. Which defendant here cites almost exclusively cases where people are convicted at trial. But it also says there's a . . . it's a case where the defendant admitted that he . . . It was an I-24C case. So the defendant's admitting that he possessed a firearm in furtherance of his drug trafficking and carried it while drug trafficking. And there's a summary in that case of particular facts about when the defendant was found with a gun, where the gun was found, a tape recording, I believe, with a CI where the defendant talked about having a gun around. And then the court asked the defendant, did you intend . . . did you knowingly possess that gun, knowingly and willfully possess that gun? And defendant said, yes. And that was enough. The defendant never contested that . . . the defendant did not, for example, say, you know, I agreed to sell marijuana, but I did not agree to sell cocaine, which is Adams, which is a plea agreement case, which is a Rule 11 case, Second Circuit, I believe, regarding appellate waivers, where the defendant said, you know, I'm agreeing, I'll agree that I but I didn't. And there, the Adams court said, you know, just saying you'll agree to it's not enough. But here it's . . . that's not . . . we don't have that case. The defendant below, when he was in front of the district court, never said, I just put that there for my daughter, or I just moved that money because I got better interest. But I agree, yeah, I intended to conceal it because I agreed to plead. He didn't say that. And we . . . this court has repeatedly said in many contexts that the solemn under oath statements of a defendant in the district court should be given more credibility and weight than the post hoc, oh no, no, I didn't understand kinds of statements that come in appeals and collateral attacks. So, there is a sufficient factual basis. The defendant admitted his intent and his purpose in each transaction, and each transaction does cover the elements of the crime, but in a factual way. Well, what about 52? I mean, it just says he accessed a safety deposit box. That sure doesn't tell us a whole lot. Well, Your Honor . . . I mean, you can go to the bank and say, I want to look at my safety deposit box. They take it out. You look at it. They put it back. That's an access, but is that . . . why would that be a crime here if that's all he did? Don't you need a little bit more than what you got in the plea agreement? Your Honor, no. That's exactly what happened. We knew from bank records that he went on that particular day that was charged in the indictment, and he signed in, and he looked into his safety deposit box. But the agreed-upon factual basis, the one the defendant agreed to, included that he was at the time knowingly using that safety deposit box to hold drug proceeds, and he did so with the intent to conceal one or more of the statutory elements. If all we had was his access of the box, you're right, and the defendant would be right. It's not 1956 money laundering. Well, are you telling us that we shouldn't look at anything other than the plea agreement to address this argument that there was a lack of factual basis? You seem to be saying that's it. That's what you look at, and as long as he agrees that there was a purpose to conceal, that's the end of the discussion. In this case, Your Honor, I think it's a plea colloquy and the defendant's agreement to what's in the plea agreement. All right. So your suggestion that the law is or ought to be that a recitation of the elements to which the defendant agrees is enough unless in the plea colloquy the defendant equivocates? Yes, Your Honor. And do you have a case that says exactly that? It paraphrases it. Your Honor, I think I have the negative case. I cited Adams from Second Circuit where that defendant said, yeah, I agreed to sell marijuana. I never agreed to sell cocaine, but I'll admit it because I agreed to admit it. But you don't have one positive saying, this is it. This is the rule. I think Ruth is a support case. I didn't catch it. Which one? Ruth. Your Honor, I'll give you the citation. I know we've cited it. I'm looking at your brief. OK. I have it. I have it. I have it. 100 Fed Third 111. Never mind. So I don't think Ruth says that so much. That's not the holding in Ruth. But they review basically a description of some facts that describe the elements. And at least as to the element of the defendant's knowing and willful possession of the firearm, he simply admits it. And never denies it. And I think that, yeah, that is enough. Under oath, before a judge, with an attorney standing next to him, where all the other aspects of Rule 11 have been complied with, what more is needed? Assuming you're right, just from a belt and suspenders perspective, is there anything in the precedence report that would support his use of the safety deposit box for illegal activity? Your Honor, I don't think it's in the pre-sentence report. But in the plea agreement itself, you'll notice that in the forfeiture section, the government agrees to return $3,000. That was $3,000 from the safety deposit box. So in fact, there were commingled funds inside that box. And it's not in the record. But those belong to his daughter, who said she got them from a cleaning business. And the government agreed, as part of its plea agreement with the defendant, to return that money to his daughter. So this is MG? Yes, Your Honor. The MG that's named in the indictment and also identified in the pre-sentence report. Just pivoting over to the issue we spent a lot of time talking with the opposing counsel about. Assuming there wasn't a factual basis for the two counts, then what happens? What happens to the eight counts? And what happens to the plea agreement? So Your Honor, I was actually surprised by the defendant's answer to that. Because in his opening brief, at least, and this is page 33 as the court docketed the brief, page 27 on the bottom, the defendant says the court should reverse these two convictions and remand the case to district court for further proceedings, which should include resentencing as to all counts. There's no suggestion that I've seen in his briefing, through the sur-sur reply, that this court should be reversing his convictions on the other eight felonies. And there's absolutely no reason to do so. He doesn't claim that there was any Rule 11 problem with any of the other convictions. He claims he should be resentenced on them. But he doesn't claim that he didn't commit those crimes. And he doesn't claim that he didn't validly, knowingly, voluntarily admit them. So what do you think the law requires under those circumstances? Your Honor, I think that under the circumstances of this case, where we have an appeal waiver in the sentencing agreement, unconditional, made at the time of sentencing, and we have an appeal waiver in a plea agreement that includes multiple counts, eight of which are unchallenged, including five additional unchallenged money laundering counts, that those waivers should prevent any resentencing on any count that's not reversed. Those other eight counts should not be touched. Do the numbers matter? What if there, instead of two out of ten, it was, I don't know, eight out of ten? Would that make any difference? Your Honor, I don't think the numbers matter. I think it's which convictions. And this brings me to the appellate waiver and rollings. This is what you addressed in your supplemental? Yes, Your Honor. And I think we also addressed in our initial brief as well, but although not as much detail. I was interested in your, I guess we were calling it a sir reply. Yes, Your Honor. Sir reply. Is there really that much daylight between your two positions on whether we should, the appellant wants us to go with these other circuits, and you're saying no, you don't need to do that. But I'm trying to understand how much practical daylight there really is between the two of you on that issue. Your Honor, I think there's less difference between this court's to appeal waivers when there's a rule 11 challenge and the other circuits than I thought at first when I wrote my reply brief versus the sir reply. But I do think there's a significant difference between the defendant's position and what he needs to go forward in the government's position. And this includes what it means to look at rollings as a plea agreement that stands as a single agreement. This court should start with whether or not the appellate waiver is knowing and voluntary, and whether or not the claims made here invalidate it. And they don't. The plea agreement is fully supported by eight unchallenged, undisputed, knowing and voluntary guilty pleas, including five other money laundering counts. And I think this is key. You said, would it matter if it was eight instead of two? Well, if the defendant were challenging all of the money laundering counts in a plea agreement where all the stipulations regarding guidelines relate to money laundering, where the money laundering guideline controls, where every agreement regarding forfeiture, everything related to it is really about the money laundering, he probably could win and overturn that plea agreement because the linchpin of that plea agreement is the money laundering crimes. Defendant cannot do that here because he's undisputedly guilty of five money laundering crimes, fully supports his plea agreement, fully supports all of the terms of his plea agreement, including the appeal waiver. So I think it's not the number, Your Honor. I think it's which counts make that plea agreement and which counts break that plea agreement. And that's the defendant's burden. Well, whenever you have a sentencing, you always have the grouping provision that applies. And what you're saying is that under a circumstance like this case, on remand, that you would not apply the grouping provision. Because grouping requires you to go back and look at the holistically at this and they give you a formula. So I don't understand how you can do what you want to do and not consider those other counts. Your Honor, have a red light and may I respond? Make it amber. Your Honor, what the government believes is that first, nothing should be remanded. The appeal waiver should apply. If this court were to find that those two counts, the Rule 11 failed, it wasn't a knowing involuntary plea, then the government believes the court should do what the Fifth Circuit said in Hildebrand and did in Baymon, and that is send back the two counts that fail. The other counts shouldn't be touched. They shouldn't be remanded. And ignore the provision in the sentencing guidelines on grouping. Your Honor, I think it would group the same way and the guideline would end up the same because the stipulations in the plea agreement also should survive. Are you saying then that you have to consider the counts that are not challenged when you go back to re-sentence? That's my ultimate question. Is it or? Do you ignore the grouping rule? I don't think you ignore it, but you probably group the two that are left to be sentenced or you use the PSR that existed before and re-sentence on just those two counts. Because that's the whole criminal conduct that happened. Thank you, counsel. Thank you. Could you give Mr. Lund an extra minute or maybe with change? We'll see how things go. I had a 20 second reply done, but I'll extend it. I think two cases that probably are in the briefs that deal with the issue of where you're taking particularly a money laundering plea. There is language, and I know it's in my reply brief citing one of these cases. I believe it's either Garcia or Esterman. It could be Carrillo, but I think it's one of the other two where they say that in money laundering cases, you have to be particularly careful because it's a difficult statute. And so the judge really does have a responsibility to make sure that the crime actually has been committed. But when you're in front of the district judge and this sentencing is proceeding, there are plenty of the opportunities for the defendant himself or herself to make a statement, whether it's an allocution or otherwise, that can be interpreted as equivocation. Up until the point of equivocation, you have a defendant admitting all the elements which are factual matters. What is there, unless he equivocates, to put the prosecutor on notice and the prosecutor has to do something else or the district judge on notice. The district judge cannot accept this plea. I want to know about putting people on notice. So how do you get around that? Again, I think that the Queller case sets out an area that simply has to be dealt with in a plea colloquy, in a money laundering case. What really is the purpose of going into access? Was there equivocation in those cases? In the Queller case? Yes. It was challenged, obviously, that the money was in the . . . Was there equivocation in the record in the district court? I think there was a trial in the Queller case. Okay, so that doesn't help us. Right. Because then you can go back into a record. In a plea case, do you have a case that says that admission of the factual elements is insufficient? The cases that discuss this, and again, I've listed them, Garcia-Esterman. Esterman says that it's need to support the distinction between money laundering and other related crimes. It's very critical. And that was the reason why there was . . . Do you understand my concern? In a trial setting, you're not worried about notice to the district court or notice to the prosecutor because you have a record and you can go in and see whether there is sufficient evidence. What do you say to the proposition that the rule should be in plea cases that a admission to the factual elements is sufficient unless there is equivocation in the colloquy with the defendant? I think based on the case law that's cited in my brief, and I believe it's Garcia-Esterman, that if you're dealing with a money laundering case, the judge needs to establish what the factual purpose is, the actual factual purpose is of whatever it is that is supposedly creating the money laundering situation. And that simply wasn't done here. You've got him going to look at some money, and the only thing that's in the record that I'm aware of is that that's money from his drug dealing activities. He's looking at tainted money, and he doesn't do anything with it. There's no transformation to it of any sort. Whatever he did with it, the purpose was to conceal. The purpose was to conceal, that's what he admitted. But again, just simply, that's not sufficient. There needed to be some further explanation. The money in the Queller case was concealed as well. Thank you, counsel. Thank you for your arguments. The case will be submitted, and counsel are excused.